# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HUNT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL, Warden,<br><br>　　　　　Respondent. | Case No. CV 10-3053 JHN (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.
## INTRODUCTION AND SUMMARY

On April 20, 2010, petitioner David Hunt ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition").

On October 6, 2010, Respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner filed an Opposition ("Opposition"). Respondent filed a Reply ("Reply"), and absent leave, Petitioner filed a Response to the Reply ("Response").

On March 10, 2011, the Magistrate Judge issued his Report and

Recommendation ("R&R"), recommending that the Motion be granted and that judgment be entered dismissing this action with prejudice. (*See* R&R at 2, 13.)

On April 1, 2011, Petitioner filed Objections to the R&R ("Objections").

Now, having conducted a *de novo* review, including studying the Motion, the Opposition, the Reply, the Response, the R&R, and the Objections, the Court is persuaded that the Petition is untimely. This Court, therefore, adopts the findings, conclusions, and recommendations of the Magistrate Judge.

## II.
## DISCUSSION AND ANALYSIS

While Petitioner mainly reiterates arguments previously made in his Opposition and Response, Petitioner makes one new contention in his Objections. Petitioner contends that he is entitled to equitable tolling "based on trial counsel's 'mental' and 'physical' disabilities which additionally prevented Petitioner from discovering the factual predicate for Claims 8-9 any sooner than October 31, 2007." (*See* Objs. at 13 (underlining omitted).)

Specifically, Petitioner contends that his "trial counsel, Billy Hairston represented Petitioner from August 30, 2005 until his sentencing on February 17, 2006. During counsel's representation of Petitioner, counsel's wife died, . . . [and] he was subject to bouts of crying and emotional outbursts." (Objs. at 11.) Petitioner claims that during trial, "[c]ounsel repeatedly told Petitioner he was suffering from 'severe headaches' and 'could not remember things.'" (*Id.*)

Petitioner also argues that he "made many requests to counsel before, during and after trial for a copy of his trial file, requests which counsel simply never responded to." (Objs. at 12.) Petitioner maintains that "[d]espite Petitioner's 'due diligent' attempts to locate any favorable evidence that might have been in his trial file, . . . Petitioner to this day has never been able to locate the file." (*Id.*)

The Court finds Petitioner's arguments unpersuasive. Two reasons guide this determination.

2

1    First, even assuming, for argument's sake, that there was negligence or ineffective assistance on the part of his trial counsel, Petitioner is not entitled to equitable tolling on this basis *prior to the time* Petitioner's conviction became final. In analyzing the equitable tolling issue, courts focus on the relevant time period, *i.e.*, the time period of Petitioner's one-year statute of limitation. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *as amended* 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 549 U.S. 1134 (2007) (focusing on the time period of petitioner's one-year statute of limitation in determining whether petitioner was entitled to equitable tolling); *Laws v. Lamarque*, 351 F.3d 919, 922-23 (9th Cir. 2003). Here, Petitioner concedes that trial counsel provided representation only up until Petitioner's sentencing. (Objs. at 11.) Further, Petitioner's allegations relate to counsel's "'mental' and 'physical' disabilities" *during* trial. (*Id.* at 13.)

Second, with respect to his trial file, Petitioner fails to explain how his lack of materials prevented him from filing the instant Petition. *Gaston*, 417 F.3d at 1034 (requiring "causal connection" between the alleged extraordinary circumstance and the failure to file a timely petition). In fact, Petition admits that "to this day [he] has never been able to locate the file." (Objs. at 12.) Yet, Petitioner was able to file the instant Petition without such materials. *See Rodriguez v. Gonzalez*, 2009 WL 3380315, at *5 (E.D. Cal. 2009) ("Petitioner fails to demonstrate that the transcripts were a condition precedent to filing a collateral petition."). Nor does Petitioner reference any portion of his file that is crucial to his claims. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001, *as amended* Dec. 3, 2001), *cert. denied*, 535 U.S. 1055 (2002) (lack of access to library materials does not automatically qualify as grounds for equitable tolling; rather, inquiry must be "fact-specific"); *see also United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) ("Surely due diligence requires that [petitioner] at least consult his own memory of the trial proceedings.").

///

///

## III.

## CERTIFICATE OF APPEALABILITY

For the reasons stated in the Report and Recommendation, the Court also finds that Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. As a result, a Certificate of Appealability ("COA") is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a court dismisses a petition on procedural grounds, a COA should issue only when a "prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[]") (emphasis added).

## IV.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.
3. A Certificate of Appealability is denied.

DATED: April 22, 2011

_____
HON. JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE